UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERGENCY RESTORATION & CLEANING, INC, <br><br> Plaintiff, <br><br> v. <br><br> EMERGENCY RESTORATION COMPANY, INC. et al, <br><br> Defendants. | No. 2:22–cv–1981–CKD <br><br> <u>ORDER; FINDINGS AND RECOMMENDATIONS</u> |

On September 27, 2023, the court ordered plaintiff to show cause in writing why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.[1] (ECF No. 9.) Plaintiff filed a timely response, informing the court of ongoing settlement negotiations and indicating that by November 1, 2023, plaintiff would either file a dismissal of this action or pursue default judgment. (ECF No. 11 at 2.) In light of plaintiff's representations, the court discharged the Order to Show Cause. (ECF No. 12.)

Plaintiff did not pursue dismissal or default judgment by the November 1, 2023 deadline. Therefore, on November 16, 2023, the court ordered plaintiff to inform the court of the status of

---

[1] This action was filed on November 2, 2022 and assigned to solely the undersigned pursuant to Appendix A of the Local Rules. (ECF Nos. 1, 3.) Both defendants were served in April 2023. (ECF Nos. 7, 8.)

1

1  this case in writing within seven days.  (ECF No. 13.)  Plaintiff was cautioned that failure to
2  comply with the court's order could result in a recommendation that this action be dismissed.
3       Over seven days have passed and plaintiff has not informed the court of the status of this
4  case, nor has plaintiff sought dismissal or default judgment.  Accordingly, the undersigned
5  recommends that this case be dismissed for failure to prosecute and failure to comply with court
6  orders.
7       I.     Legal Standard
8       A district court may impose sanctions, including involuntary dismissal of a plaintiff's case
9  pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her
10 case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's
11 local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court
12 "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation
13 Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals
14 under Rule 41(b)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to
15 follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963
16 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) ("Pursuant to Federal Rule of Civil
17 Procedure 41(b), the district court may dismiss an action for failure to comply with any order of
18 the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per
19 curiam) (stating that district courts have inherent power to control their dockets and may impose
20 sanctions including dismissal or default).  This court's Local Rules are in accord.  See E.D. Cal.
21 Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of
22 the Court may be grounds for imposition by the Court of any and all sanctions authorized by
23 statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a)
24 (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the
25 court's Local Rules, and other applicable law may support, among other things, dismissal of that
26 party's action).
27      Courts weigh the following factors when determining whether to dismiss an action for
28 failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

II.    Discussion

Here, the relevant factors favor dismissal.  First, the public's interest in expeditious resolution of cases "always favors dismissal." Pagtalunan, 291 F.3d at 642 (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Further, the delays in this case and interference with docket management are due to plaintiff's failures to comply with court orders. This action cannot simply remain idle on the court's docket, unprosecuted, awaiting plaintiff's compliance.  See id. ("It is incumbent upon the court to manage its docket without being subject to routine noncompliance of litigants.") Thus, the second factor, court's need to manage its docket, favors dismissal in this case.

Turning to the third factor, risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642.  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Id. at 643. Here, the cause of the delay is plaintiff's failure to follow this court's orders. Therefore, this third factor weighs in favor of dismissal.

As for the fourth factor, less drastic alternatives, there are not many lesser sanctions available to the court at this juncture than dismissal without prejudice.  Dismissal without prejudice is less drastic than the harsher sanction of dismissal with prejudice. Thus, the fourth factor favors dismissal.  Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

Having considered and weighed the requisite favors, the undersigned finds that dismissal is appropriate. Accordingly, the undersigned recommends that this case be dismissed without prejudice.

//////////

//////////

**ORDER**

Accordingly, it is HEREBY ORDERED that the Clerk of Court randomly assign a district judge to this action.

**FINDINGS AND RECOMMENDATIONS**

Further, it is HEREBY RECOMMENDED that:

1. This action be DISMISSED without prejudice.
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 6, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, emer.1981